IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

REPUBLIC BUSINESS CREDIT, LLC                                                      PLAINTIFF

V.                                                                          CIVIL ACTION NO.1:13CV120-DAS

RANDY K. SPARKS and
SILVER DOLLAR SALES, INC.                                                       DEFENDANTS

### ORDER DENYING MOTION TO DISMISS

The defendant Randy K.Sparks has moved to dismiss the complaint against him, denying that he executed the documents on which this suit is based, and denying that he has any contractual relationship with the plaintiff. The plaintiff has filed a response in opposition to this motion and has, since the filing of the motion, amended its complaint against the defendants.

A complaint must allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp.* v. *Twombly,* 550 U.S. 544, 570 (2007). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft* v. *Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). All well-pleaded facts must be accepted as true and viewed in the light most favorable to the plaintiff who "must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb* v. *Morella,* 522 Fed. Appx. 238, at *2 (5th Cir. Apr. 12, 2013) (per curiam) (quoting *City of Clinton* v. *Pilgrim's Pride Corp.,* 632 F.3d

148, 152-53 (5th Cir. 2010). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez-Montes* v. *Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993)). "Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678.

The plaintiff's action arises out of its factoring arrangement with a third party. In order to determine the extent to which it would extend credit to this third party, plaintiff alleges it sought and received verification from Sparks and Silver Dollar of the amount and validity of invoices to Silver Dollar. Silver Dollar was instructed to, but per the complaint, failed to pay its indebtedness to the plaintiff, then assignee of its original creditor. The original complaint alleges Sparks executed the verification. This verification, per the complaint, shows that Sparks signed the verification and listed a corporate office, but no corporate entity. Plaintiff argues the way Sparks executed the verification, created an ambiguity about whether Sparks was acting in a corporate or individual capacity. If there is an ambiguity, Sparks could be liable. *One South, Inc. v. Hollowell*, 963 So.2d 1156, 1162-63 (Miss. 2007)*; Gulf & Basco Co. v. Buchanan*, 707 S.W.2d 655 (Tex.App. 1986). The plaintiff has stated a claim against Sparks in its original complaint.

Furthermore in the amended complaint, relying on the same facts, the plaintiff asserts that Sparks is liable to it based on fraudulent or negligent misrepresentation in executing the verification. Because an officer of a corporation may be personally liable for a fraudulent or

2

negligent misrepresentation, *Gulf Coast Bank and Trust Co. v. Stinson*, 2013 WL 30136 (S.D. Miss. Jan. 2, 2013),[1] the amended complaint states a claim against Sparks personally.

IT IS ORDERED that the motion to dismiss is denied.

SO ORDERED this the 13th day of December, 2013.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE

---

[1] The vice-president of the company inflated its account receivables on monthly reports to the plaintiff bank, resulting in additional advances being made to the company under receivables purchase agreements. When the company went bankrupt, the vice-president was found to be personally liable to the bank.